# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:01CR11-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| ) | |
| TERRY W. STEWART ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

The motion is based on newly discovered evidence but contains argument as to a litany of other grounds. Rule 33(b) provides in pertinent part:

> (1) Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict[.] If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed with 7 days after the verdict[.]

**Fed. R. Crim. P. 33(b).**

On November 9, 2001, a jury found the Defendant guilty of multiple counts of the bill of indictment. Thus, any motion based on newly discovered evidence must have been brought no later than November 9, 2004. This motion, based on that ground, is untimely.

On August 31, 2005, the undersigned acted on the mandate of the Fourth Circuit Court of Appeals and resentenced the Defendant to 2,100 months imprisonment. **Amended Judgment in a Criminal Case, filed September 7, 2005.** The Defendant immediately filed an appeal. As a result, even if the motion were timely, the Court could not issue a ruling.

As to the miscellaneous arguments raised in the Defendant's motion, they are untimely. To the extent the Defendant bases his motion on Rule 33(a), although at no point in the motion does he so claim, the Court would not entertain a motion based on the interests of justice.

Finally, the Defendant has been a prolific filer in this Court. Almost all of his filings have been frivolous. He is hereby placed on notice that the Court will not allow such conduct to continue. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed. Appx.**

918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997). The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. **Vestal v. Clinton**, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. **Foley v. Fix**, 106 F.3d 556 (4th Cir. 1997); *In re Head*, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. **See**, 28 U.S.C. § 1651(a); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a new trial is hereby **DENIED**.

4

**Signed: November 5, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge