# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:01CR11-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.    ) | **O R D E R** |
| ) | |
| TERRY W. STEWART   ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* motion pursuant to 18 U.S.C. § 3572 to adjust the amount of restitution payments he is required to make through the Inmate Financial Responsibility Program.

The Bureau of Prisons has the authority to place a defendant in the Inmate Financial Responsibility Program based on the wording contained in the criminal judgment. ***United States v. Watkins*, 161 F. App'x 337 (4th Cir. 2006); *Bramson v. Winn*, 136 F. App'x 380 (1st Cir. 2005).** Prior to seeking relief from any court concerning obligations under that program, the defendant is required to exhaust all administrative remedies through the Bureau of Prisons. ***McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir.**

1999). Thereafter, a defendant may challenge such payments but only by filing the appropriate pleading in the district court of confinement, not with the sentencing court. **Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004).**

The current motion is Defendant's third *pro se* motion to amend or alter his judgment. **See, Motion for Relief from Judgment pursuant to Rule 60(b), filed January 12, 2007; Order, filed February 14, 2007 (denying same); Motion to Alter or Amend Judgment pursuant to Rule 59, filed March 2, 2007; Order, filed March 5, 2007 (denying same).** The Defendant has been advised that this Court has no jurisdiction to issue a ruling on Defendant's motions because his case is presently on appeal and he has been warned that he may not file *pro se* motions with the Court because he is represented by counsel. To date, the Defendant has not heeded the Court's warning.

Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. **Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997).** The Defendant is hereby notified that all future

*pro se* pleadings submitted by him will not be filed but will be reviewed pursuant to a pre-filing review system. **Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997).** Pleadings presented to the Court which are not made in good faith and which do not contain substance will not be filed. **Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).** Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction. **See, 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion pursuant to 18 U.S.C. § 3572 is hereby **DENIED**.

**IT IS FURTHER ORDERED** that no *pro se* pleadings submitted from the Defendant shall be filed by the Clerk of Court absent instruction from the undersigned.

Signed: March 13, 2007

Lacy H. Thornburg
United States District Judge