IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:01CR11-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| TERRY W. STEWART | ) | |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals.

The case has had a tortured procedural history due to the prolific, harassing and frivolous *pro se* filings of the Defendant, made while he was represented by counsel. On remand of the Defendant's sentence based on *United States v. Booker*, 543 U.S. 220 (2005), the undersigned reimposed sentence on the Defendant by Amended Judgment filed September 7, 2005. **United States v. Stewart, 129 F. App'x 758 (4th Cir.), *cert. denied*, 546 U.S. 896 (2005).** The Defendant appealed; the Fourth Circuit affirmed that sentence on March 26, 2007. **United States v. Stewart, 221 F. App'x 253 (4th Cir. 2007).** On July 9, 2007, the Defendant

filed a petition for a *writ* of *certiorari* with the United States Supreme Court. The Defendant is represented by counsel, Eric Bach, who was appointed by the Fourth Circuit in connection with that appeal.

During the time that the Defendant's case was before the Fourth Circuit on his first appeal, he filed, in a *pro se* capacity, a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Both motions were denied by orders entered on March 16, 2005, and April 13, 2005. The Defendant promptly appealed both orders.

On April 14, 2005, the Fourth Circuit affirmed the Defendant's convictions but remanded for re-sentencing in accordance with *Booker*. After the re-sentencing, the Defendant made a motion for a new trial which was denied on November 5, 2005. Defendant promptly appealed that order.

The Fourth Circuit consolidated these three appeals and considered them separately from the Defendant's appeal from his Amended Judgment. On September 19, 2006, the Fourth Circuit affirmed the denial of the Defendant's motions pursuant to the Federal Rules of Civil Procedure 11 and 60(b) and his motion pursuant to Federal Rule of Criminal Procedure

33 for a new trial based on the reasoning of the undersigned. ***United States v. Stewart*, 200 F. App'x 239 (4th Cir. 2006).**

Of course, the Defendant's appeal from his Amended Judgment remained pending in the Fourth Circuit. On January 12, 2007, the Defendant filed another *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) which was denied on February 14, 2007. In the order denying the Defendant relief, it was specifically noted that his case was on a second direct appeal from his re-sentencing and that he was represented by counsel. **Order, filed February 14, 2007.** As a result and in order to halt the Defendant's frivolous *pro se* filings, the Court instructed the Defendant to address the Court only through counsel. *Id.* On March 2, 2007, while his appeal was still pending and despite the earlier instruction to address the Court only through counsel, the Defendant filed another *pro se* motion to alter or amend the Order of February 14, 2007, pursuant to Federal Rule of Civil Procedure 59. That motion was promptly denied by the undersigned on March 5, 2007. **Order, filed March 5, 2007.** Undeterred, the Defendant filed a third *pro se* motion while his appeal remained pending to modify his sentence. By Order entered March 13, 2007, the Court denied that motion, noted yet again that the Defendant

was represented by counsel, and imposed a pre-filing review system to stop the Defendant's harassment of the judicial system. **Order, filed March 13, 2007.**

On March 27, 2007, the Defendant filed a notice of appeal from the March 5, 2007 Order. On April 18, 2007, the Defendant filed a notice of appeal from the March 13, 2007, Order. At the time the above Orders were entered, the Defendant was represented by counsel and had been instructed to address the Court only through counsel.

Inexplicably, on August 17, 2007, the Fourth Circuit remanded these matters to the undersigned for consideration as to whether the Defendant has demonstrated excusable neglect or good cause for filing his notices of appeal out of time. As far as the undersigned can tell, the Defendant's petition to the Supreme Court remains pending.

The Defendant is represented by counsel. He has been instructed to address the Court only through counsel. The filings he has made are frivolous and designed to harass the judicial system. Since the Defendant was instructed to address the Court only through counsel and since that attorney did not either file those motions or file the notices of appeal, there is no good cause or excusable neglect for filing untimely notices of appeal.

**IT IS, THEREFORE, ORDERED** that:

1. The filings which are the subject of this appeal were made by the Defendant after he was instructed to address the Court only through counsel;

2. The filings which are the subject of this appeal are frivolous filings designed to harass the judicial system;

3. The Defendant has a history of prolific frivolous *pro se* filings; and

4. There is no excusable neglect or good cause for failing to timely appeal *pro se* pleadings which were submitted in direct contradiction to the instructions of this Court.

The record, having been supplemented as directed by the Fourth Circuit, is now returned to that Court for further proceedings.

Signed: August 24, 2007

Lacy H. Thornburg
United States District Judge