# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:01CR11-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| TERRY W. STEWART ) | |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals. ***See United States v. Stewart,* 2009 WL 434864 (4th Cir. Feb. 20, 2009).** On remand, the Fourth Circuit directs this Court "to explicitly address, and accept or reject, in the context of considering excusable neglect factors, the reasons proffered by Stewart for his delay in filing the notices of appeal." ***Id*. at \*1**.[1]

---

[1] The undersigned fully incorporates herein the findings and conclusions set forth in the Orders entered on August 27, 2007, and January 8, 2008.

## I.  BACKGROUND

Defendant appealed from two Orders entered by the undersigned on March 6, 2007 ("March 6th Order"), and March 13, 2007 ("March 13th Order").  At the earliest, Defendant filed his appeal of the March 6th Order on March 23, 2007, as evidenced by the date provided on the Certificate of Service signed by his wife, Jeni Stewart.  **See Notice of Appeal from March 6th Order, filed March 27, 2007, at 2.**  Defendant filed his appeal of the March 13th Order on April 6, 2007, as evidenced by the date provided on the Certificate of Service.  **See Notice of Appeal from March 13th Order, filed April 18, 2007.**

## II.  DISCUSSION

**A.  Appeal of the March 6th Order**

As the Court of Appeals observed, Defendant had to file his notice of appeal "within ten days of the March 6, 2007 order, i.e., by March 20, 2007."  **United States v. Stewart**, 259 F. App'x 613 (4th Cir. 2007) (citing **Fed. R. App. P. 26(a)(2)).**  In his notice of appeal, Defendant contends the following: "To date, petitioner has not received a copy of the above mentioned denial, but became aware of said denial when petitioner's wife

viewed the case docket on the internet." **Notice of Appeal from March 6th Order, at 1.** Defendant offers no evidence that would enable the undersigned to find (1) the date Defendant's wife "viewed the case docket" and learned of the denial; or (2) the date Defendant's wife informed him of the denial. Thus, Defendant could have learned of the denial at any time after the March 6th Order was entered and before the March 20th deadline for appeal expired. Or, Defendant could have learned about the denial from his wife after the March 20th deadline had expired. As Defendant has made no showing on this issue, the undersigned declines to make any assumptions in this regard and, therefore, cannot conclude that Defendant only learned of the March 6th Order after the March 20th deadline had passed. The Court finds that Defendant has failed to show reason for the delay and, therefore, finds Defendant has failed to show that the delay was for good cause or is the result of excusable neglect.

## B. Appeal of the March 13th Order

As found by the Court of Appeals, Defendant had to file "his notice of appeal by March 27, 2007. Stewart filed his notice of appeal at the earliest on April 6, 2007[.]" ***Stewart*, 259 F. App'x at 613.** Defendant contends in

his affidavit that he did not receive the denial of his motion until March 23, 2007, and his Certificate of Service indicates that he placed his notice of appeal in the prison's mail system on April 6, 2007.  **Notice of Appeal of the March 13th Order, at 1-2.**  By his own admission, Defendant shows that he received actual notice of the denial on March 23, 2007, several days before his time to appeal expired on March 27th.  Defendant apparently proceeded under the notion that his appeal was "timely filed once placed in the hands of prison officials" within ten days after his *receipt* of the March 13th Order.  *Id.* **at 1**.  However, the Rules state that the time for appeal runs from the *entry* of the order of judgment.  **Fed. R. App. P. 4(b)(1)(A)(i)**.

Based on the Defendant's record in this Court, beginning with his not guilty pleas to the jury's verdict of guilty on most of the charges contained in the indictment, the Court finds by a preponderance of the evidence that Defendant's affidavit is not true and, therefore, constitutes no just cause for relief.  The Defendant's only excuse for his failure to comply with the mandates of Fed. R. App. P. 4 is the lack of notice of the Court's adverse rulings.  The Court determines that the proffered reason is false.

The burden is on the Defendant to show compliance with the Federal Rules of Appellate Procedure. Absent such compliance, dismissal is mandatory unless Defendant makes a showing of good cause or excusable neglect for his failure. ***Powell v. Starwalt*, 866 F.2d 964 (7ᵗʰ Cir. 1989).** Just cause or good cause is defined as "a legally sufficient reason." ***Black's Law Dictionary*, at (8ᵗʰ ed. 2004).** "[T]he determination whether good cause exists is one entrusted to the district court's discretion." ***Giacomo-Tano v. Levine*, 199 F.3d 1327 (table), 1999 WL 976481 (4ᵗʰ Cir. 1999).**

The Court has found previously that Defendant failed to act in good faith and that continued pursuit of his untimely motions were without merit, frivolous, and adversely impacted judicial proceedings in this Court. The Court further finds that Defendant was at all times pertinent to these proceedings and in complete control of his own litigation. ***See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).** "'Excusable neglect' is not easily demonstrated, nor was it intended to be." ***Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4ᵗʰ Cir. 1996).** "[A] district court should find 'excusable neglect' only in the

'e*xtraordinary cases* where injustice would otherwise result.'" **Id. (quoting Notes to 1964 Fed. R. Civ. P. 73(a)).**

The undersigned specifically rejects Defendant's proffered reason for his untimely filing of his notices of appeal and finds that he has not demonstrated excusable neglect or good cause for the untimely filing of his appeals.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant has failed to show excusable neglect or good cause for failing to timely appeal the rulings cited above.

The record, having been supplemented as directed by the Fourth Circuit, may now be returned to that Court for further proceedings.

Signed: March 5, 2009

Lacy H. Thornburg
United States District Judge