IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01cr11-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| TERRY W. STEWART. | ) | |
| | ) | |

THIS MATTER is before the court on defendant's motion to reduce sentence [Doc. 532]. Although defendant has not designated it as such, the motion appears to be brought pursuant to 18 U.S.C. § 3582(c)(2).

I.    PROCEDURAL BACKGROUND

On November 9, 2001, after a jury trial, defendant was found guilty of participating in a multi-million dollar Ponzi scheme, and defendant was ultimately sentenced to 20 years in prison. Defendant now moves for a reduction of his sentence based on his prior military service and his age. Defendant points out in his motion that he is 64 years old and has served 9.5 years (about half of his sentence) in prison. As defendant notes, the Sentencing Guidelines were recently amended to allow the court to consider age "if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish

the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.1.

Likewise, "[m]ilitary service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.11.

## II.    ANALYSIS

A district court may modify a term of imprisonment only in limited circumstances. *See* 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable here.

First, the Bureau of Prisons has not moved for a reduction of defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). As for the second circumstance, 18 U.S.C. § 3582 provides that the court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), "if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(A). There is no amendment listed in subsection (c) that lowers a Guidelines range due to the recent amendments to U.S.S.G. §§ 5H1.1 and 5H1.11. *See United States v. Mayberry*, No. 3:96-cr-51-TMH, 2011 WL 1667103, at *2 (M.D. Ala. May 3, 2011); *United States v. Wright*, Crim. Action No. 95-30024-02, 2010 WL 5056217, at *1 (W.D. La. Dec. 3, 2010). As such, Section 3582(c)(2) does not serve as a basis to reduce defendant's sentence. Finally, with respect to the third circumstance, Rule 35 does not apply here and therefore cannot serve as a basis to reduce defendant's sentence. Nor is there any federal statute that expressly permits the modification of defendant's sentence.

For these reasons, defendant is not entitled to a sentence reduction pursuant to Section 3582(c). Nonetheless, because the Sentencing Commission may determine in the future to make the amendments retroactive, defendant's motion will be denied without prejudice. *See United States v. Millhouse*, No. 7:04-CR-85-F3, 2010 WL 4338383, at *2 n.1 (E.D.N.C. Oct. 22, 2010).

## ORDER

IT IS, THEREFORE, ORDERED that defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 532] is DENIED without prejudice.

Signed: July 15, 2011

Max O. Cogburn Jr.
United States District Judge